IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELORIS JONES-PRESLEY,<br><br>    Plaintiff,<br><br>v.<br><br>ROMAN PEREA and<br>ROTOLO CONSULTANTS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:25-cv-2880-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND ADR DEADLINE**

    Before the Court is Plaintiff Deloris Jones-Presley's Motion to Extend ADR Deadline, filed February 19, 2026. (ECF No. 17.) Jones-Presley states that the Parties failed to meet the February 16 ADR deadline "[b]ecause of conflicting schedules and mediator unavailability." (Id. at PageID 49.) However, the Parties are now scheduled for mediation on April 6 with Darryl Gresham. (Id.) Jones-Presley thus seeks a sixty-day extension to the ADR deadline. (Id.) She asserts that the extension will not delay the case. (Id.) Defendants Roman Perea and Rotolo Consultants, Inc., do not oppose the Motion. (Id. at PageID 50.)

    Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time sought after a deadline has run. So, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Equitable factors to be considered in determining whether the neglect was excusable include the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and the good faith of the party." Jeffries v. Emerson Indus. Automation, No. 14-cv-02431, 2014 WL 11456822, at *1 (W.D. Tenn. Sep. 17, 2014) (citing Pioneer Inv. Servs. Co. v. Brunswick

Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The factors weigh in favor of finding excusable neglect. Given Defendants' consent to the relief sought in the Motion, the danger of prejudice is low. The fact that the filing came only three days after the deadline also weighs in favor of finding excusable neglect. Finally, there is no suggestion that the Parties have not acted in good faith. The neglect, therefore, was excusable.

For good cause shown, the Motion is **GRANTED**. The ADR deadline is extended by sixty days to **April 17, 2026**. The Parties are cautioned that no further extensions will be granted.

**IT IS SO ORDERED,** this 23rd day of February, 2026.

                                         s/ Sheryl H. Lipman
                                         SHERYL H. LIPMAN
                                         CHIEF UNITED STATES DISTRICT JUDGE